UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANNA DENIECE ROHR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:17-CV-484 JD |
|  | ) |  |
| NANCY A. BERRYHILL, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Plaintiff Anna Deniece Rohr appeals the denial of her claim for Social Security Disability Insurance Benefits. For the following reasons, the Court remands this matter to the Commissioner for further proceedings consistent with this opinion.

**BACKGROUND**

Ms. Rohr filed her initial application for benefits on August 19, 2014, alleging disability beginning April 21, 2014. Her application was denied initially, on reconsideration, and following a video administrative hearing in March 2016 at which she was represented by counsel. At that hearing, the ALJ heard testimony from Ms. Rohr and vocational expert Marie Kieffer. The ALJ found that Ms. Rohr had some severe impairments but could still perform certain jobs available in the national and regional economy, and she was therefore not disabled within the meaning of the Act. See 20 C.F.R. § 416.920(g). The Appeals Council denied review of the ALJ decision, making the ALJ's decision the final determination of the Commissioner.

## STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The Court will affirm the Commissioner's denial of disability benefits if it is supported by substantial evidence. *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court will affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008).

In this substantial-evidence determination, the Court does not reweigh evidence, resolve conflicts, decide questions of credibility or substitute the Court's own judgment for that of the Commissioner. *Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003). The Court does, however, critically review the record to ensure that the ALJ's decision is supported by the evidence and contains an adequate discussion of the issues. *Id.* The ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection; she may not ignore an entire line of evidence that is contrary to her findings. *Zurawski v. Halter,* 245 F.3d 881, 887 (7th Cir. 2001). The ALJ must also "articulate at some minimal level [her] analysis of the evidence" to permit informed review. *Id.* Ultimately, while the ALJ is not required to address every piece of evidence or testimony presented, she must provide a "logical bridge" between the evidence and her conclusions. *Terry v. Astrue,* 580 F.3d 471, 475 (7th Cir. 2009).

**DISCUSSION**

Disability benefits are available only to individuals who are disabled under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations contain a five-step test to ascertain whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4). These steps require the Court to sequentially determine:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the community.

20 C.F.R. § 404.1520(a)(4); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, the Commissioner acknowledges disability. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a listing is not met or equaled, the ALJ must assess the claimant's residual functional capacity ("RFC") between steps three and four. The RFC is then used to determine whether the claimant can perform past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. § 404.1520(e). The claimant has the burden of proof in steps one through four, while the burden shifts to the Commissioner at

step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

Ms. Rohr presents several arguments for remand. First, she contends that the ALJ failed to support her RFC with substantial evidence, particularly because the ALJ assigned RFC limitations based on new medical records without the input of any reviewing physicians. Second, Ms. Rohr argues that the ALJ improperly omitted mental health accommodations from the RFC. And third, Ms. Rohr maintains that the ALJ did not properly assess her subjective complaints.

**A.     New Medical Records**

Ms. Rohr first argues that the RFC's limitations do not account for a significant amount of medical records that post-date the last reviewing physicians' opinions. The agency reviewing physicians' reports were rendered in October 2014 and January 2015, and the later of these two opinions relied on medical records received up until December 15, 2014. (R. 91, 95, 105). The ALJ gave these opinions "some weight" and concluded that the physical limitations contained in those reports "are also generally supported by the objective medical evidence …." (R. 31).

Ms. Rohr underwent lower back surgery in September 2014 (R. 326) and cervical surgery (spinal surgery of the neck region) in December 2014 (R. 623), and the reviewing physicians consulted those surgical records. However, the consultants did not review Ms. Rohr's medical history that accumulated after those surgeries, in 2015. According to the ALJ, those new medical records indicated that Ms. Rohr "continued to improve," and that she had "benign" and "normal" post-operative observations. (R. 29). In addition, the new records indicated that Ms. Rohr was diagnosed with bilateral carpal tunnel syndrome and median nerve root entrapment at the wrist in early 2015. (R. 729). But again, the ALJ determined that the subsequent therapy notes showed that Ms. Rohr's strength was improving after a September 2015 hand/wrist operation. (R. 30).

4

Following her own review of the updated medical record, the ALJ "added manipulative limitations based on the most recent evidence regarding the claimant's residual neck and hand limitations that [the] consultants did not review." (R. 31). In particular, the ALJ concluded that Ms. Rohr could perform light work, except that she can occasionally handle and finger, and should avoid work activity requiring a forceful turning grip or torque with either upper extremity. (R. 28). The ALJ further found Ms. Rohr able to occasionally climb ramps and stairs, that she can never climb ladders, ropes, and scaffolds, and that she can occasionally balance, stoop, kneel, crouch, and crawl. *Id.*

In drawing these conclusions, the ALJ critically erred by offering no explanation as to *how* the RFC accommodated Ms. Rohr's updated medical status. *See Purvis v. Berryhill*, No. 15-CV-11580, 2017 WL 1022014, at *13 (N.D. Ill. Mar. 16, 2017) (remanding where "the ALJ imposed an additional restriction on the Plaintiff but offered no explanation as to how he decided" on that restriction). No doctor gave an opinion as to how or whether the information contained in Ms. Rohr's medical file from 2015 rendered her capable of performing the work described in the RFC. "The Seventh Circuit has explained that when significant new or potentially decisive medical evidence … is submitted after the last agency review, this evidence should be evaluated by a medical expert prior to the ALJ making a determination." *Evans v. Colvin*, No. 16 C 4962, 2017 WL 2720431, at *2 (N.D. Ill. June 21, 2017) (citing *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)). Here, nearly 300 pages of medical history representing over a year's worth of observations were submitted after the final agency review. But by substituting her own knowledge for that of the trained physicians and medical staff, the ALJ improperly "played doctor" and supplanted their medical opinions with her own. *See Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) (The ALJ may not "play doctor" by using her

own lay opinions to fill evidentiary gaps in the record.). For example, the ALJ merely regurgitated the new medical records in her written decision but did not explain how the observations therein translate into the RFC she prescribed; she therefore failed to provide the requisite "logical bridge" connecting her conclusions with the actual evidence of record, including those clinical findings and observations rendered by medical professionals. *Terry*, 580 F.3d at 475. This requires remand.

B.    **Mental Health Accommodations**

Ms. Rohr also asserts that the ALJ erred by excluding mental limitations from her RFC, and the Court agrees. The ALJ stated that the objective medical evidence supported a finding that Ms. Rohr has mild limitations in the functional area of concentration, persistence, and pace. (R. 25). Referring to the results of the consultative examination, the ALJ further noted that Ms. Rohr's attention deficits and poor concentration stem from stress, chronic pain, anxiety, and depression. (R. 26).[1] Indeed, the consultative examiner diagnosed Ms. Rohr with generalized anxiety and depressive symptoms. (R. 532). Ms. Rohr testified at the hearing that she suffered from anxiety (R. 47), and elsewhere in the record, she presented to medical professionals with a mood disorder due to a known physiological condition with depressive features, anxiety, and insomnia. (R. 864, 869, 891, 917, 996).

---

[1] The ALJ also stated that "most of the claimant's mental limitations" are attributable "to her pain *rather than* to a medically determinable mental impairment." (R. 26) (emphasis added). The Commissioner points to this language to support her position that the ALJ properly evaluated Ms. Rohr's limitations in concentration, persistence, and pace [DE 19 at 12], but both the ALJ and the Commissioner mischaracterize the medical record. The consultative examiner did *not* conclude that Ms. Rohr's concentration deficits were due to chronic pain "rather than" to a medically determinable mental impairment. Instead, the examiner clearly stated that Ms. Rohr's poor concentration is likely due not only to pain and stress, but also to anxiety and depression – both of which are medically determinable mental impairments. (R. 532). Nor did the examiner opine that "most of" Ms. Rohr's mental impairments were attributable to her chronic pain, only that they are exacerbated by it. *Id.*

Yet despite this evidence and the ALJ's conclusion that Ms. Rohr has some mental limitations, the ALJ did not include any accommodations in the RFC that account for these deficits in concentration, persistence, and pace. (R. 28). Even worse, the ALJ provided no explanation whatsoever as to this exclusion. This failure provides an independent basis for remand, despite the ALJ's finding that Ms. Rohr's mental impairments are not severe. *See Miller v. Commissioner of Social Security*, Cause No. 1:15-cv-00343, 2017 WL 1421271, at **7-8 (N.D. Ind. Apr. 21, 2017) (remanding where ALJ found that the claimant had mild mental limitations but erred in omitting them from the RFC at step four without sufficient explanation); *Dross-Swart v. Astrue*, 872 F. Supp. 2d 780, 795 (N.D. Ind. 2012) (remanding where ALJ found mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace, but failed to incorporate them into the RFC analysis); *Simon-Leveque v. Colvin*, No. 15 C 10049, 2017 WL 168182, at **5-6 (N.D. Ill. Jan. 17, 2017) (collecting cases holding the same). "If the ALJ believed that the mild limitations in these functional areas did not merit a non-exertional limitation in the RFC, [she] was obligated to explain that conclusion so that [the Court] can follow the basis of [her] reasoning." *Muzzarelli v. Astrue*, No. 10 C 7570, 2011 WL 5873793, at *23 (N.D. Ill. Nov. 18, 2011) (citing *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005)).[2]

## C.     Considerations On Remand – Subjective Complaints

The ALJ determined that Ms. Rohr's impairments could reasonably be expected to cause some of her alleged symptoms, but that her statements concerning the intensity, persistence, and

---

[2] Ms. Rohr also claims that the ALJ erred in stating that the reviewing physicians opined that she had no severe mental impairments. Ms. Rohr believes that the reviewers labeled her mental conditions as severe, but that is not so. At both the initial level and upon reconsideration, the reviewing consultants found that Ms. Rohr's anxiety disorders qualified as medically determinable, but that they were nonetheless not severe. (R. 85-86, 100-101).

limiting effects of these symptoms were not consistent with the record. (R. 28). On remand, the Court invites the ALJ to reconsider her assessment of Ms. Rohr's subjective complaints in light of the record. For example, the ALJ discounted Ms. Rohr's claimed inability to work based in part on the fact that Ms. Rohr received unemployment benefits after her termination and continued to look for work. (R. 30). However, the ALJ did so without exploring the circumstances of Ms. Rohr's situation. The Seventh Circuit has cautioned that "attributing a lack of credibility to [a claimant's application for and receipt of unemployment benefits] is a step that must be taken with significant care and circumspection. All of the surrounding facts must be carefully considered." *Scrogham v. Colvin*, 765 F.3d 685, 699 (7th Cir. 2014) (remanding where the ALJ did not discuss any circumstantial considerations surrounding claimant's unemployment benefits). The ALJ in this case made no effort to explain her consideration of Ms. Rohr's unemployment benefits with the "care and circumspection" required by *Scrogham*; the ALJ neither questioned Ms. Rohr about her benefits at the hearing, nor explored any potential connection between Ms. Rohr's condition and her need for benefits. Courts in this Circuit have remanded for similar shortcomings. *See, e.g.*, *Schickel v. Colvin*, No. 14 C 5763, 2015 WL 8481964, at *14 (N.D. Ill. Dec. 10, 2015) (remanding where ALJ singled out claimant's application for unemployment benefits without exploring said application at the hearing).

In addition, on remand, the ALJ should not neglect to discuss the side effects of Ms. Rohr's medications. At the hearing, Ms. Rohr testified that her medications make her feel drowsy during the day, such that she needs to rest. (R. 65). Side effects of medication are to be considered when evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, SSR 16-3p, yet the ALJ made no mention of the impact Ms. Rohr's medications had

on her ability to work.³ Courts in this Circuit have remanded for such an omission. *See, e.g.*, *Cosby v. Berryhill*, No. 16 C 11504, 2017 WL 4237048, at *4 (N.D. Ill. Sept. 25, 2017) (remanding where ALJ was required to – but did not – consider the reported side effects of claimant's medications).

## CONCLUSION

The remedy for the ALJ's shortcomings is further consideration, not the immediate award of benefits. And so, for the reasons stated herein, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter to the Commissioner for further proceedings consistent with this opinion.

SO ORDERED.

ENTERED: July 10, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[3] The Commissioner counters by pointing to medical records indicating that Ms. Rohr in fact had no side effects. [DE 19 at 14 (citing R. 529)] The ALJ, however, included no such comparison in her opinion, and so the Court will not consider this argument. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (noting that *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943), "forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself has not embraced").